OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the November 15, 2006 Judgment Entry entered by the Delaware County Municipal Court, which granted defendant-appellee Richard W. Messick's Motion to Suppress.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 10, 2006, Officer Robert Wilson of the Sunbury Police Department cited appellee for a marked lane violation, in violation of R.C. 4511.33, and operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19 (A) and (B). Appellee appeared before the trial court on June 16, 2006, and entered a plea of not guilty to the charges. On July 14, 2006, appellee filed a Motion to Suppress and/or Dismiss, asserting the arresting officer did not have an articulable and reasonable suspicion to justify his stop of appellee. The trial court conducted a hearing on the motion on September 6, 2006.
 {¶ 3} At the hearing, Officer Robert Wilson testified he was on traffic patrol on the evening of April 10, 2006. During the course of his patrol, the officer observed a motor vehicle proceeding in front of him on State Route 37 in the Village of Sunbury, Delaware County, Ohio. The driver of the vehicle was subsequently identified as appellee. Appellee was traveling in the right hand lane on State Route 37, approaching the intersection of State Route 3. As appellee entered the intersection, he put on his turn signal, quickly and radically moved into the left hand turn lane, and made the left turn. Officer Wilson noted appellee's vehicle was not parallel with the turn lane when appellee made the turn. While following appellee, Officer Wilson observed the driver's side tires of appellee's vehicle on top of the yellow line on three separate occasions *Page 3 
within one mile. The officer also noticed the vehicle weaving within its lane. Officer Wilson then initiated a traffic stop.
 {¶ 4} When Officer Wilson made his initial contact with appellee, he detected a strong odor of alcoholic beverage emanating from appellee's person. The officer asked appellee if he had been drinking, and appellee responded he had had six beers, but stopped drinking around 8:00pm. The officer asked appellee to exit the vehicle in order to perform the standardized field sobriety tests. Officer Wilson detected six of the six clues during the horizontal gaze nystigmus test. Appellee attempted to perform the walk and turn test and the one leg stand, but was unable to do so. As a result of appellee's performance, the officer placed him under arrest and transported him to the Sunbury Police Station. Appellee agreed to take a breathalyzer test which indicated a result of .125. Appellee was subsequently charged with OMVI, in violation of R.C.4511.19, and marked lanes, in violation of R.C. 4511.33.
 {¶ 5} After hearing the evidence, the trial court found Officer Wilson did not have an articulable and reasonable suspicion to support the traffic stop. The trial court granted appellee's motion to suppress via Judgment Entry filed November 15, 2006.
 {¶ 6} It is from this entry the State appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT MISAPPLIED APPLICABLE LAW IN EQUATING REASOANBLE [SIC], ARTICULABLE SUSPICION FOR A TRAFFIC STOP WITH A REQUIREMENT THAT DEFENDANT HAVE COMMITTED SOME INDEPENDENT CRIMINAL OR TRAFFIC VIOLATION BEFORE CONDUCTING AN INVESTIGATORY STOP. *Page 4 
 {¶ 8} "II. THE TRIAL COURT ERRED IN HOLDING THAT OFFICER WILSON DID NOT HAVE AN ARTICUABLE [SIC] AND REASONABLE SUSPICTION [SIC] THAT DEFENDANT WAS INVOLVED IN CRIMINAL ACTIVITY.
 {¶ 9} "III. THE TRIAL COURT ERRED IN SUSTAINING OBJECTIONS TO QUESTIONING OF THE OFFICER CONCERNING RELEVANCE OF THE TIME OF THE STOP."
 I, II {¶ 10} Because the State's first and second assignments of error require similar analysis, we shall address said assignments of error together. In its first assignment of error, the State maintains the trial court misapplied the applicable law when it equated reasonable, articulable suspicion for a traffic stop with a requirement an independent criminal or traffic violation had been committed. In its second assignment of error, the State contends the trial court erred in finding Officer Wilson did not have a reasonable and articulable suspicion appellee was involved in criminal activity.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest *Page 5 
weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 12} "Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts that an occupant is or has been engaged in criminal activity. State v. Gedeon (1992), 81 Ohio App.3d 617, 618. Reasonable suspicion constitutes something less than probable cause. State v.Carlson (1995), 102 Ohio App.3d 585, 590. `[I]f the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, * * * the officer is justified in making an investigative stop.' Id. at 593. The propriety of an investigative stop must be viewed in light of the totality of the circumstances.State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus." Id. at ¶ 18.
 {¶ 13} Thus, if the specific and articulable facts indicate to the officer the driver of an automobile may be committing a criminal act, which includes a violation of a traffic law, the officer can justifiably make an investigative stop. State v. Carlson (1995),102 Ohio App.3d 585, 593, 657 N.E.2d 591, 596-597; State v. Cole (Sept. 13, 1995), Wyandot App. No. 16-94-11, unreported, 1995 WL 551110. In a situation where the *Page 6 
officer has observed a traffic violation, the stop is constitutionally valid. Dayton v. Erickson (1996), 76 Ohio St.3d 3, 9, 665 N.E.2d 1091,1095-1096; State v. Evans (1993), 67 Ohio St.3d 405, 618 N.E.2d 162.
 {¶ 14} The trial court granted appellee's motion to suppress, finding: "The court finds from the testimony that the officer did not have an articulable and reasonable suspicion that the defendant is involved in criminal activity (4511.33 lanes violation) State v. Richardson,
5th District 00-CA-A-01-003 2000 Ohio App. Lexis 3419, citing Delaware v. Prouse 440 U.S. 648." November 15, 2006 Judgment Entry.
 {¶ 15} In so ruling, the trial court found Officer Wilson's testimony did not establish a marked lane violation and without a violation, the officer did not have an articulable and reasonable suspicion to justify the stop of appellee. We agree with the trial court Officer Wilson's testimony did not establish a marked lane violation. However, we find, under the totality of the circumstances, the officer had a reasonable and articulable suspicion appellee may have been violating other traffic laws; therefore, was justified in stopping appellee's vehicle. The officer observed appellee weaving within his lane of travel. Although the weaving could be classified as de minimis, that coupled with the officer's earlier observation of appellee's erratic left turn from the right hand lane gave the officer a reasonable and articulable suspicion to justify the stop of appellee. The State does not have to charge a motorist with a traffic violation in order to use the facts of such a violation to support reasonable suspicion to initiate a traffic stop.State v. Shiley (1991) 74 Ohio App. 3d 230, 232, 233. The State is only required to present reasonable and articulable facts which support the traffic stop. As stated supra, Officer Wilson's testimony provided reasonable and articulable facts concerning other *Page 7 
traffic violations (OMVI) which provided justification to stop appellee's vehicle. Therefore, even if the evidence was insufficient to support a marked lane violation, the additional evidence in the record supported the stop.
 {¶ 16} Based upon the foregoing, we find the trial court erred in granting appellee's motion to suppress.
 {¶ 17} The State's first and second assignments of error are sustained.
 III {¶ 18} Although discussion of this assignment of error is rendered moot by our disposition of appellant's first and second assignments or error, we nevertheless elect it address it. In its final assignment of error, the State submits the trial court erred in sustaining appellee's objections to questions about the time of Officer Wilson's stop.
 {¶ 19} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 20} During the State's examination of Officer Wilson, the prosecutor asked, "and at this particular time in the morning [2:57], are you on any increased alertness for impaired driving?" Tr. at 7. Appellee objected. The trial court sustained the objection. Several questions later, the prosecutor asked Officer Wilson, "Would you characterize your D-U-I's as coming at a particular time of day or night?" Tr. at 9. Officer Wilson answered, "The majority of them, the O-M-V-I's have occurred from 11:00pm until *Page 8 
3:30am time frame, somewhere in there." Id. The officer added his observation of appellee occurred during this time frame. Appellee did not object to this later testimony.
 {¶ 21} We find the testimony as to Officer Wilson's "increased alterness" due to the time of day, coupled with his training and experience, is admissible testimony relative to the totality of the circumstances surrounding the stop. However, because the essence of the reason for Officer Wilson's "increased alertness" subsequently was admitted into evidence without objection, any error in its exclusion would be harmless. Accordingly, we overruled appellant's third assignment of error.
 {¶ 22} The judgment of the Delaware County Municipal Court is Reversed and this case remanded for further proceedings consistent with the law and this opinion.
 Hoffman, J., Gwin, P.J. and Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Municipal Court is reversed and this cause remanded for further proceedings consistent with the law and our opinion. Costs assessed to appellee. *Page 1