[Cite as *State v. Coyle*, 2013-Ohio-4017.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN COYLE | : | Case No. 13 COA 001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                  Case No. 2012 TRC 7092


JUDGMENT:                         Reversed and Remanded


DATE OF JUDGMENT:                 September 12, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID MONTAGUE                            JAMES J. MAYER III
1213 East Main Street                     34 South Park Street
Ashland, OH  44805                        Mansfield, OH  44902

*Farmer, J.*

{¶1}  On September 2, 2012, Ohio State Highway Patrol Trooper Richard Pollard observed a vehicle weaving in the opposite lane of travel.  Trooper Pollard turned his cruiser around and followed the vehicle, observing that the left turn signal was activated.  When the vehicle did not turn left, Trooper Pollard activated his cruiser lights and stopped the vehicle.  Operator of the vehicle was appellant, Ryan Coyle.

{¶2}  As a result of the stop, appellant was charged with operating a motor vehicle under the influence in violation of R.C. 4511.19, having an expired driver's license in violation of R.C. 4510.12, and failure to control in violation of R.C. 4511.20.

{¶3}  Appellant filed a motion to suppress, claiming an illegal stop.  A hearing was held on November 13, 2012.  At the conclusion of the hearing, the trial court denied the motion.  The trial court's decision was journalized via judgment entry filed on January 18, 2013.

{¶4}  On December 4, 2012, appellant pled no contest to the OVI charge.  By journal entry filed same date, the trial court sentenced appellant to ninety days in jail, seventy-five days suspended.

{¶5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}  "THE TRIAL COURT'S FINDING THAT APPELLANT HAD HIS TURN SIGNAL ON FOR AN UNUSUALLY LONG PERIOD OF TIME IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."

II

{¶7}   "APPELLEE DID NOT MEET ITS BURDEN TO PROVE THAT TROOPER POLLARD HAD REASONABLE ARTICULABLE SUSPICION TO STOP APPELLANT'S VEHICLE, AND THEREFORE, THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I, II

{¶8}   Appellant claims the trial court erred in denying his motion to suppress as Trooper Pollard lacked reasonable suspicion of criminal behavior to initiate the traffic stop.  We agree.

{¶9}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in

any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶10} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶11} In its January 18, 2013 judgment entry denying appellant's motion to suppress, the trial court found the following:

> Further, the Court FINDS that the officer observed that the Defendant was having trouble operating the vehicle within his own lane. While the officer could not say that the vehicle was outside the right line or the left line, it was clear that the vehicle was certainly unsteady. Also, the turn signal was on for unusually long period of time in an area where there

did not seem to be anything to turn into. This turn signal also was on before the cruiser lights were activated. Furthermore, the Defendant was tapping his brakes and slowing his speed.

{¶12} Appellant challenges the findings that his vehicle was unsteady and his turn signal was on for an unusually long period of time.

{¶13} Trooper Pollard explained as appellant's vehicle approached him in the opposite lane of travel, he perceived that the operator was not driving in a straight line within his lane of travel. T. at 10. Trooper Pollard readily admitted he could not see the lane lines. T. at 23. He turned around and caught up to appellant's vehicle. T. at 11, 30. He then observed appellant tap his brakes, slow, and turn on his left turn signal. T. at 30. Trooper Pollard opined the turn signal was used in an effort to evade him. T. at 12, 26. When the vehicle did not turn, Trooper Pollard activated his lights. T. at 12.

{¶14} Appellant testified he observed the trooper's lights and slowed his vehicle and put his left turn signal on to stop. T. at 51, 53. During the hearing, much discussion was had over why appellant chose to turn left instead of pulling over to the right if he was stopping for the trooper. However, a videotape of the stop, Defendant's Exhibit D, clearly shows there was a narrow berm with a guardrail on the right as opposed to the parking lot of the Workman Home Improvement & Supply store on the left. Appellant's suggestion that it was safer to pull into the empty parking lot where there was no oncoming traffic appears more plausible. T. at 53-54.

{¶15} In its judgment entry, the trial court opined appellant's "turn signal was on for an unusually long period of time." From the videotape, it appears the turn signal was

on for only ten seconds on the video counter. Some of that time was after the trooper activated his lights for appellant to stop. It was a wet, rainy night at the time of the stop. T. at 8. The weather conditions impacted the visibility of the incident on the videotape.

{¶16} Trooper Pollard's testimony on the weaving was inconclusive and this court has consistently held that movement within one's own lane is not a traffic violation. *State v. Franklin,* 5th Dist. Licking No. 11-CA-128, 2012-Ohio-3089.

{¶17} R.C. 4511.39(A) states, "[w]hen required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning***." There is no testimony that the left turn signal of appellant's vehicle was activated more or less than one hundred feet from the turn, nor does the videotape demonstrate the length in footage.

{¶18} Upon review, we find the trooper lacked a reasonable suspicion of criminal activity to justify the stop, and the trial court erred in denying the motion to suppress.

{¶19} Assignments of Error I and II are granted.

{¶20} The judgment of the Municipal Court of Ashland County, Ohio is hereby reversed.

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. Craig R. Baldwin


SGF/sg 823

[Cite as *State v. Coyle*, 2013-Ohio-4017.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| RYAN COYLE | : | |
| Defendant-Appellant | : | CASE NO. 13 COA 001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Craig R. Baldwin