[Cite as *State v. Allison*, 2025-Ohio-1360.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Robert G. Montgomery, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| DERRICK ALLISON | Case No. 24CA000029 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Guernsey County Court
of Common Pleas, Case No. 23-CR-134

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 16, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

LINDSEY ANGLER                    TODD W. BARSTOW
Guernsey County Prosecuting Attorney    14 North Park Place
                                  Newark, Ohio 43055
MARK A. PERLAKY
Assistant Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶1} Defendant-appellant Derrick Allison appeals the judgment entered by the Guernsey County Common Pleas Court convicting him upon his plea of no contest to failure to comply with the order or signal of a police officer (R.C. 2921.331(B), (C)(5)(a)(ii)), and sentencing him to a term of twenty-four months incarceration. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Shortly after midnight on June 25, 2023, Trooper John Bushong of the Ohio State Highway Patrol was on patrol on Interstate 77 southbound in Guernsey County, Ohio. Appellant was operating a motor vehicle southbound in the left lane, and Trooper Bushong was driving behind Appellant. Trooper Bushong decided to stop Appellant's vehicle after witnessing several marked lane violations in a short period of time. The trooper also witnessed Appellant nearly strike a vehicle traveling in the same direction in the adjacent right lane.

{¶3} Trooper Bushong activated his overhead lights. Appellant stopped his vehicle, with his left tires in the right lane of travel despite the fact there was sufficient room on the berm to pull his vehicle entirely off the highway. The trooper asked Appellant to move his vehicle completely off the highway. Appellant complied. After being informed of the reason for the stop, Appellant admitted to driving outside of the marked lanes, citing darkness as the reason. Appellant advised he did not have a license, and Trooper Bushong called for backup.

{¶4} While the Trooper attempted to check identification for Appellant and his passenger, Appellant fled from the traffic stop. Trooper Bushong followed Appellant. Appellant exited Interstate 77 at Interstate 70, traveling west on I-70 at speeds of 120-

130 miles per hour. After nearly striking a truck, Appellant moved to the berm. Appellant then made a U-turn and continued traveling east in the westbound lanes. Appellant made another U-turn, traveling west at speeds of 100 to 120 miles per hour. Another trooper used spike strips on the front tires of Appellant's vehicle. Appellant exited I-70 at Highway 22, then stopped his vehicle. Appellant fled on foot to a wooded area, where he was apprehended by police.

{¶5} Appellant was indicted by the Guernsey County Grand Jury with assault of a peace officer, operating a vehicle while intoxicated, and failure to comply with an order or signal of a police officer. Appellant filed a motion to suppress on the basis the officer lacked a reasonable suspicion of criminal activity to stop his vehicle. Following a suppression hearing, the trial court overruled the motion. Appellant entered a plea of no contest to the charge of failure to comply with an order or signal of a police officer, and the State dismissed the remaining charges. The trial court convicted Appellant upon his plea, and sentenced him to a term of incarceration of twenty-four months.

{¶6} It is from the October 7, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS.

{¶7} Appellant argues the trial court erred in overruling his motion to suppress because State's Exhibit A, Trooper Bushong's dash camera video, does not support a

finding the trooper had a reasonable suspicion of criminal activity to stop his vehicle based on a marked lanes violation. We disagree.

{¶8} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *Burnside* at ¶ 8. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *Id., citing State v. McNamara,* 124 Ohio App.3d 706, 707 (4th Dist. 1997); *See, generally*, *United States v. Arvizu*, 534 U.S. 266 (2002); *Ornelas v. United States,* 517 U.S. 690 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas* at 697. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Id.* at 698.

{¶9} The Ohio Supreme Court has emphasized probable cause is not required to make a traffic stop; rather, the standard is whether the officer had a reasonable and articulable suspicion of criminal activity. *State v. Mays*, 2008-Ohio-4358, 894 N.E.2d 1204, ¶ 23. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement officer had a reasonable, articulable suspicion to stop a motorist. *See, City*

*of Dayton v. Erickson*, 76 Ohio St.3d 3, 11–12 (1996); *Whren v. United States*, 517 U.S. 806, 813 (1996).

**{¶10}** As pertinent to the instant case, R.C. 4511.33 sets forth the rules for driving in marked lanes as follows:

> (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
>
> (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

**{¶11}** A tire must cross the entire single solid white longitudinal line on the right-hand side of a roadway – the "fog line" – in order to constitute a marked lanes violation. *State v. Turner,* 2020-Ohio-6773, ¶ 3. This Court has held the same rule of law applies to the center line: a vehicle's tires must entirely cross the center line, not merely be touching the line or driving on top of the line, to constitute a marked lanes violation. *See, e.g., State v. Richardson,* 2000 WL 1055917, *2 (5th Dist. July 14, 2000); *State v. Messick*, 2007-Ohio-1824, ¶ 15 (5th Dist.); *State v. Franklin*, 2012-Ohio-3089, ¶ 21 (5th Dist.).[1]

---

[1] Though unnecessary for the disposition of this appeal, I now question whether the center line should follow the same rule of law as the fog line. If two vehicles were both traveling with their tires touching the center

{¶12} Trooper Bushong testified he observed Appellant commit a marked lane violation, and then activated his dash camera. However, the camera recorded 90 seconds of activity before he activated the camera; therefore, all marked lanes violations he observed were captured on the video. At the suppression hearing, the trooper identified the two occasions on the video where Appellant's tires went across the marked center line. The trooper further testified he witnessed Appellant nearly strike another vehicle, which was traveling in the right lane of the highway.

{¶13} In the instant case, the trial court found, based on Trooper Bushong's testimony, Appellant committed at least two marked lanes violations, activating his dash camera after observing the first violation. The trial court concluded, based on its own review of the dash camera video, the tires of Appellant's vehicle receded past the fog line[2] on at least two occasions. Appellant argues the video does not support the trial court's findings.

{¶14} We have reviewed the video in the instant case. Based on our review of the video, Appellant's tires appear to briefly completely cross the center dividing line of the highway on two occasions, as testified to by the trooper at the suppression hearing, and as found by the trial court based on its review of the video. We find the trial court did not err in finding the trooper had a reasonable, articulable suspicion Appellant committed multiple violations of R.C. 4511.33, justifying the stop of the vehicle. Accordingly, we find the trial court did not err in overruling Appellant's motion to suppress.[3]

line – regardless of whether traveling in the same or opposite direction – a collision would likely occur. This dangerous situation is not present when a vehicle is merely driving with tires on the fog line.

[2] Although the trial court referred to the fog line, the line in question in the instant case is the center dividing line of the two southbound lanes on I-77.

[3] Though not argued by the State of Ohio, an argument can be made even if the officer did not have a sufficient legal basis to stop Appellant's vehicle, Appellant's subsequent actions in fleeing after the initial stop support probable cause to arrest him on the instant charge. Appellant's conduct of fleeing cannot be

{¶15} The assignment of error is overruled.  The judgment of the Guernsey County Common Pleas Court is affirmed.



By: Hoffman, P.J.

Montgomery, J. and

Gormley, J.  concur

---

said to be the "fruit of the poisonous tree" as nothing pertaining to the initial stop "tainted" the subsequent observation of the numerous offenses Appellant committed while fleeing the police.