[Cite as *State v. Marcum*, 2013-Ohio-2652.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| | : | |
| MELISSA D. MARCUM | : | Case No. 12-CA-88 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
Municipal Court Case No.
12TRC10130


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      June 21, 2013


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

J. MICHAEL KING      DENNIS P. EVANS
Assistant Prosecutor      Connor, Evans and Hafenstein, LLP
35 South Park Place, Suite 35      501 South High Street
Newark, OH 43058-0410      Columbus, OH 43215

*Baldwin, J.*

{¶1}    Plaintiff-appellant State of Ohio appeals from the November 21, 2012 Judgment Entry of the Licking Municipal Court granting the Motion to Suppress filed by defendant-appellee Melissa D. Marcum.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On September 9, 2012, appellee was stopped and charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(2) and/or (A)(1)(a) and a marked lanes violation in violation of R.C. 4511.33.  Appellee entered a plea of not guilty to the charges.

{¶3}    On September 13, 2012, appellee filed a Motion to Dismiss/Suppress. Appellee, in her motion, argued, in part, that there was no reasonable, articuable suspicion justifying the stop of her vehicle. A hearing on appellee's motion was held on October 25, 2012.

{¶4}    At the hearing, Ohio State Highway Patrol Trooper J.D. Thaxton testified that on September 9, 2012, he was in uniform in a marked cruiser. The Trooper testified that he was traveling northbound on Taylor Road in the City of Pataskala at approximately 1:01 a.m. when he saw appellee's vehicle go over the solid white fog line on the right and then over the double yellow pavement line on the left.  Trooper Thaxton further testified that the video recording device on his cruiser did not capture the vehicle driving over the white fog line because of a small grade in the roadway. However, he testified that he was able to see the vehicle's tires on the right hand side completely cross over the white line.    The Trooper testified that the cruiser's video did capture

appellee's action in crossing over the solid yellow line to the left into an area containing cross-hatched markings.  The video was admitted as an exhibit at the hearing.

{¶5}    On cross-examination, Trooper Thaxton testified that, with respect to the alleged white line violation, the entire tire width was over the white line. He agreed with defense counsel that, in the area where appellee went over the white line, there was grass right next to the white line rather than a flat berm. On redirect, he testified that there was no doubt in his mind that some portion of appellee's right tire went over the right line and that there was no doubt in his mind that appellee's tire went completely over the yellow lane line.

{¶6}    Trooper Thaxton initiated a traffic stop of appellee's vehicle and she was subsequently arrested for operating a motor vehicle while under the influence of alcohol.

{¶7}    Pursuant to a Judgment Entry filed on November 21, 2012, the trial court granted appellee's Motion to Suppress. The trial court, in its Judgment Entry, stated that after viewing the video, it was not convinced that appellee drove completely over the white line and that while appellee did drive on the white line, driving on the white line was not a violation of R.C. 4511.33. The trial court further found that appellee did not completely cross over the double yellow lines and that, therefore, there was no violation of R.C. 4511.33.  The trial court concluded that there was no violation of R.C. 4511.33 and, therefore, no basis to stop appellee.

{¶8}    Appellant now raises the following assignment on appeal:

{¶9}    "THE TRIAL COURT ERRED WHEN IT FOUND THERE WAS NO BASIS TO MAKE A TRAFFIC STOP ON THE DEFENDANT-APPELLEE."

I

{¶10}   Appellant, in its sole assignment of error, argues that the trial court erred in granting appellee's Motion to Suppress. Appellant specifically contends that the trial court erred in finding no basis to make a traffic stop of appellee. We disagree.

{¶11}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter

determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶12}   At issue in the case sub judice is whether or not Trooper Thaxton had reasonable, articuable suspicion to stop appellee's vehicle. An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. *Maumee v. Weisner,* 87 Ohio St.3d 295, 299, 1999–Ohio–68, 720 N.E.2d 507, citing *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868 20 L.Ed.2d 889 (1968). Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articuable facts that an occupant is or has been engaged in criminal activity. *State v. Gedeon,* 81 Ohio App.3d 617, 618, 611 N.E.2d 972 (11th Dist.1992). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson,* 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), ¶ 2 of the syllabus.

{¶13}   In the case sub judice, the trial court found that Trooper Thaxton did not have reasonable, articuable suspicion that appellee had violated R.C. 4511.33 by driving on the white line or by driving over the double yellow line. R.C. 4511.33 states, in relevant part, as follows: "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply: (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from

such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶14}   As an initial matter, we note that while Trooper Thaxton testified that he saw appellee completely travel a tire width over the right hand solid white fog line, he admitted that the same was not captured by the video camera  because appellee was cresting a small rise in the road when she crossed over the fog line. The trial court, in its entry, stated that after viewing the video recording, it was not convinced that appellee went completely over the white line. The trial court found  that appellee drove on the white line.  Having viewed the video recording, this Court cannot say that the trial court's finding is against the manifest weight of the evidence.

{¶15}   In *State v. Richardson,* 5th Dist. No. 00–CA–A–01–003, 2000 WL 1055917 (July 14, 2000), the appellee was pulled over after an officer observed his vehicle drive on top of the center line a total of four times. After the appellee was arrested for driving under the influence of alcohol, driving under suspension and a marked lanes violation, he filed a Motion to Suppress. In his motion, the appellee argued that the officer did not have a reasonable and articuable suspicion that the appellee had violated traffic laws. After the trial court granted such motion, the State appealed.

{¶16}   In affirming the decision of the trial court, this Court, in *Richardson,* stated, in relevant part, as follows: "Appellee in the case sub judice was cited for violating R.C. 4511.33. It is appellee's alleged violation of such section that was Officer Whitlatch's justification for stopping appellee's vehicle. R.C. 4511.33 requires a motor vehicle to be driven within a single lane. At the January 3, 2000, suppression hearing, Officer

Whitlatch testified that appellee's vehicle 'traveled over top of the center line [sic] about a tire width four different times' and that, each time, appellee steered his vehicle back into the northbound lane. Transcript of Proceedings at 15. Officer Whitlatch further testified that appellee's vehicle never crossed over the centerline of the highway and that appellee never actually went left of center. Based on the foregoing, we agree with the trial court that Officer Whitlatch never observed any violation of R.C. 4511.33 since 'R.C. 4511.33, the marked-lanes statute, requires a vehicle to be driven within a single lane. This vehicle was operated within a single lane and further did not go left of the centerline. The defendant 'exactly drove on top of the center line [sic].' See trial court's January 5, 2000 Judgment Entry at 5. Accordingly, since appellee did not violate R.C. 4511.33, which Officer Whitlatch cited as the justification for his stop of appellee's vehicle, Officer Whitlatch lacked an articuable and reasonable suspicion that appellee was operating his motor vehicle in violation of the law. The trial court, therefore, did not err in granting appellee's Motion to Suppress." *Id.* at 2.

{¶17}   Based on the foregoing, we find that the Trooper did not have reasonable, articuable suspicion to stop appellee based on her action in driving on the white fog line.

{¶18}   Appellant further contends that the trial court erred in holding that traveling on the double yellow lines, but not completely over them, is not a violation of R.C. 4511.33 and could not provide the basis for the reasonable suspicion needed to effectuate a traffic stop. The trial court, in the case sub judice, found that, in order to violate the marked lanes statute, a motorist must travel complelty over both yellow lines and that appellee had not done so.

{¶19} In *State v. Messick,* 5th Dist. No. 06CAC090065, 2007–Ohio–1824, the appellee, who had been stopped and arrested for operating a motor vehicle while under the influence of alcohol and a marked lanes violation, filed a Motion to Suppress, arguing that there was no articuable and reasonable suspicion to support the traffic stop. At the suppression hearing, the officer testified that he observed the driver's side tires of appellee's vehicle on top of the yellow line on three separate occasions within one mile. The trial court granted such motion and the State of Ohio appealed. In reversing the decision of the trial court, this Court agreed with the trial court that the officer's testimony did not establish a marked lanes violation, but found that the appellee's weaving within his lane of travel and earlier erratic left turn gave the officer a reasonable and articuable suspicion to justify the stop of appellee. In contrast, see *State v. Landon,* 5th Dist. No. 09–CA–0009, 2009–Ohio–6818. In such case, this Court held that the officer had reasonable, articuable suspicion to stop the appellant after the appellant's driver's side tires went completely over the yellow line to the point that they were not touching the lines.

{¶20} More recently, in *State v. Grigoryan,* 8th Dist. No. 93030, 2010–Ohio–2883, the appellant was stopped after his vehicle drifted to the left, drifted to the right and drove on the yellow lane line on the left. After the appellant filed a Motion to Suppress, the trial court granted the same and the State appealed. In affirming the decision of the trial court, the court, in *Grigoryan,* held that the drifting followed by brief driving on the left yellow edge line constituted " 'inconsequential movement within a lane' that does not give rise to articuable suspicion to make an investigatory stop ..." *Id.* at ¶ 25. See also *City of Mentor v. Phillips,* 11th Dist. No. 99–L–119, 2001 WL 20736

(Dec. 29, 2000), in which the court held that there was no probable cause to stop the appellant for a marked lanes violation. In such case, the appellant was observed driving onto the white broken line dividing the two eastbound lanes and then quickly driving back towards the center of the lane.

{¶21}   Finally, recently, in *State v. Franklin*, 5th Dist. No. 11-CA-128, 2012-Ohio-3089, this Court held that driving three (3) inches onto a double solid yellow pavement line without going across or over the line did not give the Trooper reasonable, articuable suspicion that the appellant was violating R.C. 4511.33.

{¶22}   Based on the foregoing, we find that the trial court did not err in finding that appellee had not violated the marked lanes statute by driving on the rightmost yellow line. We find that the trial court, therefore, did not err in granting appellee's Motion to Suppress.

{¶23}    Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By:  Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.

_____
 HON. CRAIG R. BALDWIN

_____
 HON. W. SCOTT GWIN

_____
 HON. SHEILA G. FARMER

CRB/cs

[Cite as *State v. Marcum*, 2013-Ohio-2652.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MELISSA D. MARCUM | : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 12-CA-88 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER