[Cite as *State v. Muller*, 2013-Ohio-3438.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                    :     JUDGES:
                                 :
                                 :     Hon. W. Scott Gwin, P.J.
     Plaintiff-Appellee          :     Hon. Patricia A. Delaney, J.
                                 :     Hon. Craig R. Baldwin, J.
-vs-                             :
                                 :     Case No. 12 CAC 11 0080
                                 :
EUGENE MULLER                    :
                                 :
                                 :
     Defendant-Appellant         :     O P I N I O N


CHARACTER OF PROCEEDING:               Appeal from the Delaware Municipal
                                       Court, Case No. 12 TRC 07370



JUDGMENT:                              AFFIRMED




DATE OF JUDGMENT ENTRY:                July 29, 2013




APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

JOSEPH E. SCHMANSKY                    MICHAEL A. MARROCCO
City Prosecutor                        98 N. Union St.
70 N. Union St.                        Delaware, OH 43015
Delaware, OH 43015

*Delaney, J.*

{¶1} Defendant-Appellant Eugene Muller appeals the September 7, 2012 judgment entry of the Delaware Municipal Court denying Muller's motion to suppress.

## FACTS AND PROCEDURAL HISTORY

{¶2} On June 26, 2012, Defendant-Appellant Eugene Muller was cited for operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(h); marked lanes violation, in violation of R.C. 4511.33; and child endangering. Muller filed a plea of not guilty.

{¶3} Muller filed a motion to suppress on August 6, 2012. He requested the trial court suppress any and all information gathered by law enforcement from the illegal stop of Muller, because the initial seizure of Muller was accomplished in the absence of any reasonable and articulable suspicion or probable cause that Muller had violated any law. Muller also argued the BAC test was not administered in substantial compliance with Ohio Department of Health rules and regulations. Muller does not raise this second issue on appeal.

{¶4} A hearing on the motion to suppress was held before the trial court on August 30, 2012. The following facts were adduced at the suppression hearing.

{¶5} On June 23, 2012, Trooper Frank Applegate with the Ohio State Highway Patrol was patrolling southbound on U.S. 23 in Delaware County, Ohio. Trooper Applegate observed Muller driving in the right lane, approximately ten miles per hour below the speed limit. As Trooper Applegate ran a check of Muller's license plate, the officer testified he observed Muller drive over the right fog line onto the shoulder

approximately by two to three tire widths.  Trooper Applegate initiated a traffic stop of Muller's vehicle around 1:19 a.m.  In the vehicle were Muller, his minor son, and dog.

{¶6}  Trooper Applegate testified the basis for the traffic stop was a marked lanes violation for traveling over the white fog line and back into his lane.

{¶7}  Trooper Applegate's vehicle was equipped with video equipment.  The video recording of the traffic stop was played to the trial court and admitted into evidence as State's Exhibit 1.

{¶8}  After the traffic stop, Trooper Applegate administered field sobriety tests to Muller.  The parties stipulated at the hearing that the officer administered the field sobriety tests in substantial compliance with the NHTSA standards.  Based on the administration of the field sobriety tests, Trooper Applegate placed Muller under arrest for operating a vehicle while under the influence of alcohol or drugs.  Trooper Applegate administered the breath test on a BAC Datamaster at 3:13 a.m.  The test registered a reading of 0.161 grams of alcohol per 210 liters of breath.

{¶9}  On September 7, 2012, the trial court issued its judgment entry denying Muller's motion to suppress.  The trial court found the officer testified the vehicle crossed completely over the right fog line by two to three tire widths.  The trial court found the video evidence showed the tires completely crossed the right edge of the line by one tire width.  The trial court held Trooper Applegate had a reasonable and articulable suspicion Muller violated R.C. 4511.33.

{¶10} Muller entered a no contest plea to R.C. 4511.19(A)(1)(a) and the remaining charges were dismissed.  The trial court found Muller guilty.  Muller's sentence was stayed on November 26, 2012 pending appeal.

## ASSIGNMENTS OF ERROR

{¶11} Muller raises two Assignments of Error:

{¶12} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT'S VEHICLE COMPLETELY CROSSED THE FOG LINE BY A TIRE'S WIDTH.

{¶13} "II. THE TRIAL COURT ERRED IN FINDING THE TROOPER HAD A LAWFUL BASIS TO STOP APPELLANT'S VEHICLE."

## ANALYSIS

{¶14} We consider Muller's two Assignments of Error together because they are interrelated. Muller argues the trial court erred in finding Trooper Applegate had a basis to initiate a traffic stop of Muller. We disagree.

{¶15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of

claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶16} Muller argues the trial court's finding that the tires of Muller's vehicle completely crossed the white fog line by one tire width was against the manifest weight of the evidence. He next argues the trial court erred in finding the Trooper had a lawful basis for stopping Muller's vehicle.

{¶17} The issue is whether or not Trooper Applegate had reasonable, articulable suspicion to stop Muller's vehicle. An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. *Maumee v. Weisner,* 87 Ohio St.3d 295, 299, 1999–Ohio– 68, 720 N.E.2d 507, citing *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868 20 L.Ed.2d 889 (1968). Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts that an occupant is or has been engaged in criminal activity. *State v. Gedeon,* 81 Ohio App.3d 617, 618, 611 N.E.2d 972 (11th Dist.1992). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson,* 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality

of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), ¶ 2 of the syllabus.

{¶18} Upon viewing the video recording admitted as State's Exhibit 1, the trial court concluded Trooper Applegate had reasonable suspicion that Muller violated R.C. 4511.33 because the tires of Muller's vehicle completely crossed the white fog line by one tire width. R.C. 4511.33 states, in relevant part: "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in tow or more substantially continuous lines in the same direction, the following rules apply: (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the drive has first ascertained that such movement can be made with safety."

{¶19} This Court reviewed the video recording and we agree with the trial court's findings of fact. At the time of the traffic stop, Muller was driving in the right lane and Trooper Applegate was driving in the left lane behind Muller's vehicle. As Muller rounded a curve to the right, the video recording shows Muller's right rear tire completely crossing the white fog line. The left edge of the rear tire touches the outer edge of the white fog line, but the tire is completely on the pavement of the shoulder, outside the white fog line.

{¶20} The trial judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. *See State v. Burnside,* 100 Ohio St.3d 152, 154–55, 797 N.E.2d 71, 74 (2003). The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact

applies to suppression hearings as well as trials. *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584 (1982). The manifest weight of the evidence supports the finding that Muller was not traveling within the lanes marked for travel. Therefore, the factual finding of the trial court that Muller was not traveling within the lanes marked for travel is not clearly erroneous.

{¶21} The facts in this case can be distinguished from *State v. Houck*, 5th Dist. Licking No. 11-CA-49, 2011-Ohio-6359. In that case, the officer testified he observed the defendant's vehicle travel under the posted speed limit, swerve back and forth within the lane of travel, and cross the yellow center line. The officer's vehicle was equipped with a video recording device. The defendant argued the officer lacked a reasonable suspicion to initiate a traffic stop. The trial court granted the motion to suppress and the State appealed.

{¶22} We found the video recording demonstrated the defendant's vehicle did not appear to swerve back and forth and did not appear to drive left of center. *Id.* at ¶ 12. Reviewing the traffic stop under the totality of the circumstances, we affirmed the trial court's decision that the officer did not have a reasonable, articulable suspicion upon which to base the stop. *Id.* at ¶ 17.

{¶23} In the present case, the record establishes Muller committed a marked lanes violation. Trooper Applegate also testified he observed Muller travelling ten miles below the posted speed limit, although the officer did not cite Muller for that offense. Reviewing the traffic stop under the totality of the circumstances, we find the trial court did not err in denying the motion to suppress because the officer had a reasonable, articulable suspicion upon which to base the initial stop of Muller.

{¶24} Muller's two Assignments of Error are overruled.

**CONCLUSION**

{¶25} The Assignments of Error raised by Defendant-Appellant Eugene Muller are overruled.

{¶26} The judgment of the Delaware Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN
