[Cite as *State v. Ali*, 2014-Ohio-3757.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                   Court of Appeals No. WD-13-076

    Appellant                           Trial Court No. 13-TRC-03248

v.

Bassam Ali                                      **DECISION AND JUDGMENT**

    Appellee                            Decided:  August 29, 2014

* * * * *

Matthew L. Reger, Bowling Green Prosecutor, for appellant.

Andrew R. Bucher, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court that granted appellee Bassam Ali's motion to suppress.  Because the arresting officer lacked reasonable suspicion to stop appellee's vehicle, we affirm the trial court's judgment.

{¶ 2} On May 3, 2013, appellee was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (A)(2), as well as with a marked lanes violation pursuant to R.C. 4511.33. After a pretrial conference, appellee filed a motion to suppress. A motion hearing was held on October 10, 2013, and by judgment entry filed November 6, 2013, the trial court granted the motion. The trial court found that, based upon the dash-cam video from the arresting officer's patrol car and the officer's testimony, there was no credible evidence of a marked lanes violation and no reasonable articulable suspicion that any criminal activity was occurring under the totality of the circumstances. The state now appeals, setting forth the following single assignment of error:

> The trial court committed reversible error when it found that the reasons articulated by an officer for stopping a vehicle did not establish reasonable suspicion for a stop under the Fourth Amendment.

{¶ 3} When reviewing a trial court's decision on a motion to suppress, we accept the trial court's findings of fact so long as they are supported by credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594, 621 N.E.2d 726 (4th Dist.1993). "[T]he appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard." *Id.*, citing *State v. Klein*, 73 Ohio App.3d 486, 488, 597 N.E.2d 1141 (4th Dist.1991).

{¶ 4} In this case, appellant state of Ohio argues that the stop was constitutionally valid and the trial court erred by finding that the video recorded from the arresting

2.

officer's patrol car did not show a violation or provide a reasonable articulable suspicion to stop appellee. Appellant argues further that there is a conflict between two recent decisions of this court on appeals from trial court rulings on motions to suppress in cases arising from traffic stops. The decisions appellant cites are *State v. DeVault*, 6th Dist. Ottawa No. OT-12-027, 2013-Ohio-2942, decided by this court on July 5, 2013, and *State v. Parker*, 6th Dist. Ottawa No. OT-12-034, 2013-Ohio-3470, decided August 9, 2013. The trial court in this matter applied our decision in *Parker* when it found that the alleged violation of marked lanes was not established through evidence presented by the state.

{¶ 5} Applying *Parker*, the trial court herein stated: "[T]his court finds based upon the testimony, video, and the law, that there was no marked lanes violation. Defendant's tires never crossed completely over any lane marking."

{¶ 6} We note that in affirming *Parker*, this court stated: "This court has reviewed said recording and can see no evidence that appellant ever crossed the lines of travel before he was stopped. It is evident that appellant's vehicle sometimes traveled on the marked lanes but this is not a violation of R.C. 4511.33. See *State v. Franklin*, 5th Dist. Licking No. 11-CA-128, 2012-Ohio-3089."

{¶ 7} In contrast, upon reviewing the trial court's ruling denying the defendant's motion to suppress in *DeVault*, *supra*, this court noted that the arresting officer testified he observed the defendant's vehicle weaving off the right side of the road for approximately six seconds.

3.

**{¶ 8}** The basis for the officer's stop herein was R.C. 4511.33(A)(1), which provides that:

> [w]henever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within the municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

> A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

**{¶ 9}** An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. *Maumee v. Weisner*, 87 Ohio St.3d 295, 299, 720 N.E.2d 507 (1999), citing *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. *State v. Gedeon*, 81 Ohio App.3d 617, 618, 611 N.E.2d 972 (11th Dist.1992). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson*, 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph two of the syllabus.

4.

{¶ 10} The trial court in this case made its decision, "[b]ased upon the greater weight of the believable evidence." Upon review, it is clear that the trial court found the arresting officer's testimony to lack credibility. Further, the trial court noted that the arresting officer acknowledged that the video did not reveal a marked lanes violation.

{¶ 11} At the suppression hearing, Sergeant Nathan Henn of the Ohio State Highway Patrol testified that he was on duty during the early morning hours of May 3, 2013. He testified that he first noticed appellee's vehicle because it was weaving within its lane. After the officer accelerated and drew closer to appellee's vehicle, he observed the "driver side tires cross the yellow fog line by approximately two tire widths." He further testified that he observed appellee's vehicle drift and cross the center lane divider "by approximately the same distance, two tire widths." The officer's dash cam videotape of the stop was admitted into evidence. Sergeant Henn acknowledged that the violations are not observable in the video but stated that he observed said violations from 50 yards behind appellee's vehicle. The trial court found, however, that the video indicates Henn's cruiser was approximately 700 feet behind appellee's vehicle, based on Henn's rate of speed as he followed appellee through an intersection before the stop. This court has reviewed the dash cam video from the trooper's patrol car and can see no evidence that appellee crossed the lines of travel before he was stopped.

{¶ 12} Based on the foregoing, we find that the trial court's determination that the evidence did not show a violation of R.C. 4511.33 or provide a reasonable, articulable suspicion for the stop is supported by competent and credible evidence. Therefore, the

5.

trial court did not err by granting appellee's motion to suppress. Accordingly, appellant's sole assignment of error is not well-taken.

{¶ 13} On consideration whereof, the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                     JUDGE

Thomas J. Osowik, J.

                   _____
Stephen A. Yarbrough, P.J.        JUDGE
CONCUR.

                   _____
                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.