[Cite as *State v. Holland*, 2017-Ohio-921.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00111 |
| LATRICE N. HOLLAND | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Canton Municipal Court, Case No. 2016 TRC 0871

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 13, 2017

APPEARANCES:

For Plaintiff-Appellee

TASHA FORCHIONE
Canton City Prosecutor's Office
218 Cleveland Avenue S.W.
Canton, OH 44702

For Defendant-Appellant

ANTHONY KOUKOUTAS
116 Cleveland Avenue North
Suite 808
Canton, OH 44702

*Gwin, P.J.*

**{¶1}** Appellant appeals the trial court's May 18, 2016 judgment entry of the Canton Municipal Court overruling his motion to suppress. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On February 5, 2016 appellant Latrice Holland was arrested and charged with one count of operating a vehicle under the influence of alcohol, no seat belt, and a marked lanes violation. On March 28, 2016, appellant filed a motion to suppress and argued there was no reasonable, articulable suspicion for the officer to stop the vehicle. Further, that there was no probable cause to arrest appellant for OVI.

**{¶3}** The trial court held a suppression hearing on May 9, 2016. Appellee presented the testimony of Trooper Carlos Castellanos ("Castellanos"). Castellanos is a trooper with the Ohio State Highway Patrol who works the night shift and was working the night shift on February 5, 2016. At 11:40 p.m. on that night, Castellanos was working with his coach and initiated a traffic stop after he saw a dark purple car, driven by appellant, commit marked lanes violations. He testified the car went over the right white fog line by approximately one-half of a tire width and then went back in its lane again. Castellanos stated that it was more than just riding the line.

**{¶4}** Castellanos stated the area where he observed the violations had lights and it was a dry on the road. Further, that it was a two lane road with marked pavement, marked fog lines, and a double yellow line. He testified there was nothing obstructing his view of appellant's vehicle as her vehicle and his vehicle were the only vehicles on the road at that time.

{¶5} Exhibit 1, the video from Castellanos' car, was introduced into evidence by appellee. Castellanos testified the first violation was for the car traveling over the fog line and, in watching the video, he observed appellant commit a second marked lanes violation when the left tire travels over the yellow line.

{¶6} On cross-examination, Castellanos testified he was coming over a hill when the fog lines began on the road and that is when he observed the marked lines violation. Further, that he was approximately ten car lengths away from appellant's vehicle when he observed the violation, but he sped up to get a closer look. Castellanos confirmed appellant's vehicle was not completely over the fog line, but was about half of a tire width over the line.

{¶7} On re-direct, Castellanos testified when he observed the violation, he could see the fog line. Further, that the distance between him and appellant's vehicle did not affect his observation of the violation as it was a clear night and he could see the violation.

{¶8} The trial court issued a judgment entry on May 18, 2016 overruling appellant's motion to suppress. The trial court noted that, in the video, appellant's tire was to the left of the center line. The trial court found there was reasonable suspicion for the stop of appellant's vehicle based upon the trooper's observation of appellant's vehicle crossing the white fog line and riding the yellow center line, including to the left of the center line.

{¶9} Appellant pled no contest to the charges. The trial court found her guilty and sentenced her accordingly.

{¶10} Appellant appeals the May 18, 2016 judgment entry of the Canton Municipal Court overruling her motion to suppress and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS."

{¶12} In her sole assignment of error, appellant cites as error the trial court's decision to overrule her motion to suppress. Specifically, she contends the trooper did not have a reasonable suspicion based upon articulable facts that she was not traveling within the marked lanes for travel.

{¶13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 726 (4th Dist. 1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist. 1994); *State v. Laizure*, 5th Dist. Tuscarawas No. 2015 AP 10 0056, 2016-Ohio-3252. As a general matter, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶14} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). If an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulate suspicion considering all the circumstances, then the stop is constitutionally valid. *State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015-Ohio-3786, quoting *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204.

{¶15} R.C. 4511.33(A) provides, in pertinent part: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic * * * a vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶16} According to appellant, Castellanos had no reasonable, articulable suspicion to stop the vehicle she was driving because she travelled within the single lane as required by R.C. 4511.33. Appellant cites this Court's decision in *State v. Marcum*, 5th Dist. Licking No. 12-CA-88, 2013-Ohio-2652, and argues this case is analogous to the *Marcum* case.

{¶17} In *Marcum*, the trooper conducted a traffic stop of the appellee's vehicle and testified he saw the vehicle go over the solid white fog line on the right and then over the double yellow line on the left. *Id.* However, the trial court, after reviewing the video, stated it was not convinced the appellee drove completely over the white line and that while appellee did drive on the white line, driving on the white line was not a violation of R.C.

4511.33. I*d.* The trial court further found the appellee did not completely cross over the double yellow line and, therefore, there was no violation of R.C. 4511.33. *Id.* We held that, due to the trial court's factual determinations that the appellee drove on the white line, not over it, and drove on the double yellow line, not over it, the trial court did not err in finding the trooper did not have a reasonable and articulable suspicion to stop the appellee. *Id.*

{¶18} However, we find the instant case to be distinguishable from *Marcum*. Unlike in *Marcum*, the trial court in this case considered the testimony of Castellanos, reviewed the videotape, and made the factual determination that appellant's vehicle crossed the white fog line and rode the yellow center line, including to the left of the center line.

{¶19} The trial judge is in the best position to determine the credibility of the witnesses. *State v. Burnside,* 100 Ohio St.3d 152, 797 N.E.2d 71 (2003). The fundamental rule that the weight of the evidence and credibility of the witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Accordingly, we must accept the trial court's findings of fact if they are supported by competent, credible evidence.

{¶20} In review of the videotape, at the point where Castellanos stated he observed appellant go over the right fog line, the video is blurry and not clear. However, the video where Castellanos observed appellant riding the center line is clear and it appears that appellant's tire was to the left of the center line. Here, Castellanos, the only witness at the hearing, provided consistent and unrebutted testimony that he observed appellant's tire cross the fog line by half a tire width and that appellant was riding the

yellow center line, including to the left of the center line.  He described appellant's going over the fog line as more than riding the line.

{¶21} Castellanos was cross-examined and confirmed there was nothing obstructing his view of appellant's vehicle as her vehicle and his vehicle were the only vehicles on the road at that time.   Castellanos further testified that while he was approximately ten car lengths away from the car when he observed the fog line violation, he could see the fog line at that point and the distance between him and appellant's vehicle did not affect his observation of the violation as it was a clear night and he could see the violation.  The trooper's testimony and the portion of the video as to the center lane violation represents competent and credible evidence that appellant was not traveling within the lanes marked for travel.  See *State v. Landon*, 5th Dist. Coshocton No. 09-CA-0009, 2009-Ohio-6818, *State v. Muller*, 5th Dist. Delaware No. 12 CAC 11 0080, 2013-Ohio-3438.

{¶22} Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record.  *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.  A finding of an error of law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."  *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77,461 N.E.2d 1273 (1984); see also *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶23} We find the trial court's factual findings are supported by competent and credible evidence and, reviewing the traffic stop under the totality of the circumstances, find the trial court did not err in denying the motion to suppress because the trooper had a reasonable, articulable suspicion upon which to base the stop of appellant. Appellant's assignment of error is overruled. Thus, we affirm the May 18, 2016 judgment entry of the Canton Municipal Court overruling appellant's motion to suppress.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur