[Cite as *State v. Huffman*, 2017-Ohio-7007.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Oregon

      Appellee

v.

Abraham Ryan Huffman

      Appellant

Court of Appeals No. L-16-1241

Trial Court No. 16TRC005980103
16TRC005980203
16TRC005980303

**DECISION AND JUDGMENT**

Decided:  July 28, 2017

* * * * *

Melissa Purpura, City of Oregon Prosecutor, for appellee.

RaShya M. Cunningham, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Abraham Huffman, appeals the judgment of the Oregon

Municipal Court, denying his motion to suppress evidence stemming from a traffic stop

that ultimately led to a charge of operating a motor vehicle under the influence of alcohol.

## A. Facts and Procedural Background

{¶ 2} On March 20, 2016, at approximately 2:25 a.m., appellant was charged with one count of operating a motor vehicle under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, one count of operating a motor vehicle with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree, and one count of driving in marked lanes violation in violation of R.C. 4511.33, a minor misdemeanor.

{¶ 3} On May 13, 2016, appellant filed a motion to suppress. The state's memorandum in opposition to appellant's motion to suppress was filed on August 3, 2016. At the August 9, 2016 hearing, the trial court denied appellant's motion to suppress. Thereafter, appellant entered pleas of no contest to the aforementioned charges and was found guilty. However, the court only sentenced appellant for operating a motor vehicle under the influence of alcohol and/or drugs (the first count), imposing a 180-day jail sentence with 177 days suspended and one year of community control. The remaining charges were dismissed. On October 18, 2016, appellant filed a timely notice of appeal.

## B. Assignments of Error

{¶ 4} On appeal, appellant assigns the following error for our review:

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR
> WHEN IT DENIED [APPELLANT'S] MOTION TO SUPRESS.

2.

## II. Analysis

{¶ 5} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The trial court assumes the role of fact finder on a motion to suppress and, as such, determines witness credibility and resolves factual disputes. *State v. Codeluppi*, 139 Ohio St.3d 165, 10 N.E.3d 691, 2014-Ohio-1574, ¶ 7, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). Therefore, on appeal, we accept as true any facts found by the trial court and supported by competent and credible evidence. *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867, 837 N.E.2d 1234, ¶ 28 (6th Dist.). However, we independently determine, without deference to the trial court, the application of law to the facts. *State v. Jones-Bateman*, 6th Dist. Wood No. WD-11-074, 2013-Ohio-4739, ¶ 9, citing *State v. Claytor*, 85 Ohio App.3d 623, 626, 620 N.E.2d 906 (4th Dist.1993).

{¶ 6} "In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law." *City of Sylvania v. Comeau*, 6th Dist. Lucas No. L-01-1232, 2002-Ohio-529, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). In this case, appellant was stopped after he was observed operating his vehicle in violation of R.C. 4511.33, which provides, in pertinent part:

3.

(A)  Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

(1)  A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

{¶ 7} We recognize that a violation of R.C. 4511.33 occurs when a driver travels completely across the centerline or fog line.  *State v. Baker*, 6th Dist. Wood No. WD-13-074, 2014-Ohio-2564, ¶ 8-9, citing *State v. Parker*, 6th Dist. Ottawa No. OT-12-034, 2013-Ohio-3470, ¶ 8.  *See also State v. Marcum*, 2013-Ohio-2652, 993 N.E.2d 1289 (5th Dist.); *State v. Grigoryan*, 8th Dist. Cuyahoga No. 93030, 2010-Ohio-2883, ¶ 25.

{¶ 8} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress since there was an insufficient basis for the police officer to stop his vehicle.  He contends the police dash camera footage demonstrates that at no time did appellant's vehicle cross the center marked lane.  The state asserts that the police officer had reasonable, articulable suspicion to stop appellant's vehicle based on his vast experience and testimony that the officer observed appellant's vehicle make a wide left turn, overcorrect, and cross the marked center line on two separate occasions prior to stopping appellant's vehicle.  The trial court based its denial of appellant's motion to

4.

suppress on the evidence and testimony presented, as well as its belief that it was not the intention of the legislature or the court to disregard the officer's observations.

{¶ 9} At the suppression hearing, the officer stated that while at a stop light he first observed the appellant's vehicle cross completely over the centerline after overcorrecting from a wide left turn. On direct and cross examination, he stated that both the driver's side front and rear tire were completely over the marked lane approximately one or two feet. As he was pursuing the vehicle, he observed both of the vehicle's tires cross completely over the edge line. While there was a truck in between the appellant's and officer's vehicles, the officer further testified that he moved his truck side to side to see the appellant's vehicle. The officer also testified that he observed a vehicle traveling in the opposite direction maneuver to avoid the appellant's vehicle as it crossed the center line the second time.

{¶ 10} Appellant contends that the dash camera video footage does not demonstrate a marked lanes violation and that the trial court erred by ignoring the video in favor of the officer's observations. Having reviewed the record in its entirety, we agree with appellant that the officer's testimony is refuted by the dash camera footage, which does not depict appellant traveling over the centerline at any point prior to the stop, nor does it depict any oncoming traffic having to swerve in order to avoid being struck by appellant's vehicle.

{¶ 11} In a similar case, we held that the trial court erroneously denied the defendant's motion to suppress where the officer testified that he witnessed the defendant

5.

commit a marked lanes violation, but the defendant's vehicle did not cross the centerline as evidenced by the dash camera footage that was admitted into evidence. *State v. Parker*, 6th Dist. Ottawa No. OT-12-034, 2013-Ohio-3470, at ¶ 10. In so holding, we noted that it was "evident that [the defendant's] vehicle sometimes traveled on the marked lanes but this is not a violation of R.C. 4511.33. * * * Accordingly, we do not find that there was competent, credible evidence to support the trial court's denial of appellant's motion to suppress." *Id. See also State v. Ali*, 6th Dist. Wood No. WD-13-076, 2014-Ohio-3757, ¶ 11-12 (finding that the trial court properly granted motion to suppress over the testimony of the officer where the dash camera footage failed to evidence a marked lanes violation); *Baker*, *supra*, 6th Dist. Wood No. WD-13-074, 2014-Ohio-2564, at ¶ 12 (affirming trial court's suppression of evidence where the officer conceded that the defendant drove his car on the marked line, not across it, and the dash camera footage confirmed the officer's concession).

{¶ 12} In light of the foregoing, we find that appellant's motion to suppress was improperly denied. Accordingly, appellant's assignment of error is well-taken.

### III. Conclusion

{¶ 13} Based on the foregoing, the judgment of the Oregon Municipal Court is reversed and this matter is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                         _____
                                                     JUDGE

Thomas J. Osowik, J

                                               _____
James D. Jensen, P.J.                                       JUDGE
CONCUR.

                                               _____
                                                     JUDGE